**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30188 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00360-BLW-2 |
| v. | |
| BROOKS ALLAN CASE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted June 11, 2021
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Brooks Allan Case appeals from the district court's judgment of conviction

for one count of distribution of five grams or more of methamphetamine in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). We affirm.

**1.** The district court properly denied Case's post-trial motion for judgment

of acquittal. The government presented sufficient evidence supporting the jury's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conclusion that Case was the source of the methamphetamine sold to the confidential informant.

The informant testified that she and Vanessa Campos waited at the house for roughly 45 minutes for the source to arrive so that their agreed-upon sale could be conducted. When the source arrived, Campos left the informant, met separately with the source, and returned shortly thereafter with the methamphetamine that she sold to the informant. The source then left the house driving a dark-colored GMC Envoy. Task-force officers followed the Envoy and took photographs of the vehicle and its driver at a nearby gas station, which allowed them to later identify Case as the driver and owner of the vehicle. Viewed in the light most favorable to the government, this evidence provided ample support for the jury's conclusion that Case was the person who arrived at the house and supplied the methamphetamine that Campos sold to the informant. *See United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000).

**2.** Nothing the prosecutor said during closing argument warrants reversal of Case's conviction. Case contends that the prosecutor engaged in misconduct by: (1) arguing that the informant could not identify Case at trial as the source because, in compliance with COVID-19 protocols, he was wearing a mask; (2) misstating the evidence by repeatedly using the term "the Defendant" when discussing the informant's testimony, even though the informant was unable to identify Case; and

(3) vouching for the credibility of the government's witnesses. Even assuming for the sake of argument that any of these remarks amounted to misconduct, Case has failed to establish that he was prejudiced. Taken in the context of the trial as a whole, none of the prosecutor's statements materially affected the verdict. *See United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir. 1987); *United States v. Tham*, 665 F.2d 855, 860 (9th Cir. 1981).

**3.** The district court did not violate Case's Sixth Amendment right to cross-examine and confront Campos when the court found her in contempt and dismissed her from the witness stand. What little testimony Campos provided before being dismissed was favorable to Case. To the extent Case sought to cross-examine Campos concerning that testimony, he could have requested an opportunity to do so when the district court inquired whether there was "anything else" after dismissing Campos as a witness and before recessing. Case failed to make any such request. Moreover, to the extent Case believed he was prejudiced by his inability to cross-examine Campos, any such prejudice would have been remedied by striking Campos's testimony in its entirety and instructing the jury to disregard it. *See Toolate v. Borg*, 828 F.2d 571, 572–73 (9th Cir. 1987). When the government moved to strike Campos's testimony, however, Case objected. Accordingly, he cannot now claim that his inability to cross-examine Campos violated his Sixth Amendment rights.

**AFFIRMED.**